Robert E. Opera – State Bar No. 101182
ropera@wcghlaw.com
Peter W. Lianides – State Bar No. 160517
plianides@wcghlaw.com
**WINTHROP COUCHOT**
**GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for Reorganized Debtor,
Lovejoy's Family Moving, Inc. dba Republic Moving & Storage

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| In re: | Case No. 6:18-bk-16624-SC |
|---|---|
| LOVEJOY'S FAMILY MOVING, INC., dba REPUBLIC MOVING & STORAGE, | Chapter 11 Proceedings |
| Reorganized Debtor. | **DEBTOR'S POST CONFIRMATION STATUS REPORT; DECLARATION OF CHRIS CARLSSON** |
| | DATE: November 19, 2019<br>TIME: 1:30 p.m.<br>PLACE: Video Hearing Courtroom 126/303<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Lovejoy's Family Moving, Inc. dba Republic Moving & Storage, a California corporation, the reorganized debtor in the above-captioned Chapter 11 proceeding (the "Debtor"), hereby submits this Post-Confirmation Chapter 11 Status Report pursuant to Local Bankruptcy Rule 3020-1(b).

**1.    Factual Background.**

The Debtor's moving and storage business consists primarily of: servicing private transportation service providers (logistics companies) transporting household goods for members of the military; interstate hauling services; private relocation services; and commercial and office moving services. On August 6, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

The Debtor and its counsel worked hard to negotiate with creditors to achieve a consensual chapter 11 plan. The Debtor achieved 100% acceptance of its plan from voting creditors. At the hearing held on June 11, 2019, the court confirmed the Debtor's plan. On June 12, 2019, the Court entered an order confirming the Debtor's Third Amended Chapter 11 Plan of Reorganization ("Plan"). The Effective Date of the Plan occurred on June 19, 2019.

**2.    Distributions Under the Plan.**

The Debtor is current on its obligations under the Plan.

The Debtor has paid all cure claims, as set forth in the charts hereinbelow.

| Cure Claim Schedule | | |
| --- | --- | --- |
| **Cure Claimant** | **Amount Due** | **Amount Paid to Date** |
| Eastgroup Properties LP | 0.00 | 0.00 |
| Transguard Insurance Company | 1,997.00 | 1,997.00 |
| Pitney Bowes Financial Services | 0.00 | 0.00 |
| Wells Fargo Financial Leasing, Inc | 4,830.00 | 4,830.00 |
| Transguard Insurance Company | 19,834.41 | 19,834.41 |
| National Liability & Fire Insurance company | 0.00 | 0.00 |
| Jonas Software USA, EWS Division | 0.00 | 0.00 |
| California Choice Benefits | 0.00 | 0.00 |
| Sprint | 5,166.74 | 5,166.74 |
| Comdata Network, Inc | 0.00 | 0.00 |
| ADP, Inc., Retirement | 0.00 | 0.00 |
| Applied Merchant Systems West Coast LLC | 0.00 | 0.00 |
| Gsolutions | 0.00 | 0.00 |
| Gsolutions | 0.00 | 0.00 |
| Pay-Net Solutions | 0.00 | 0.00 |
| **TOTAL** | **31,828.15** | **31,828.15** |

The Debtor is current on all payments due to professionals pursuant to the payment schedules set forth in their respective Fee Awards, as follows:

| Professional Fees | | |
|---|---|---|
| **Professional** | **Total Award** | **Payment Status** |
| Winthrop Couchot Golubow Hollander LLP | $419,266.71 | Current on monthly payments per agreed schedule in Fee Award. |
| Illyssa I. Fogel & Associates | $82,500 | Debtor has paid $17,238, and is currently paying $5,000 due upon entry of Fee Award (entered on 11/1/19), with balance due in 12 monthly installments. |

The Debtor is current on all creditor distributions to the respective classes set forth in the Plan, as follows:

| Classes Under the Plan | | |
|---|---|---|
| **Class Treatment** | **Amount Due** | **Amount Paid to Date** |
| Class 1: On or before July 26, 2019, the Reorganized Debtor shall pay to BOW the amount of BOW's Allowed Secured Claim, plus any unpaid and accrued post-Effective Date interest thereon, in full satisfaction, settlement, release and discharge of BOW's Allowed Secured Claim. BOW agreed to defer $150,000 of the payments on its secured claim after April 2020 | $1,702.950 | $1,702,950 (paid in full} |
| In addition to the Allowed Secured Claim of BOW set forth in Section 5.1.2 hereof, and the Allowed General Unsecured Claim of BOW set forth in Section 5.1.4 hereof, BOW shall have an Allowed Claim in the amount of $500,000, which shall be subject to subordination on the terms and conditions set forth in Section 5.1.3.3 hereof ("BOW Subordinated Claim"). | $50,000 to be paid October 31,2019 $250,000 to be paid by September 30, 2021, $200,000 to be paid by September 30, 2021 | $50,000 |
| Class 2(a) - Exchange Bank: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of sixty (60) consecutive months, the Reorganized Debtor shall pay to Exchange Bank monthly payments in the amount of $261.34. | Parties agreed to single lump sum payment. | $7,714 (paid in full) |
| Class 2(b) - GreatAmerica: As of the Petition Date, GreatAmerica was only owed a nominal sum of $7,398.61, which has been paid in full. | $7,398.61 | $7,398.61 |
| Class 2(c) TransAdvantage: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of forty-eight (48) consecutive months, the Reorganized Debtor shall pay to Trans Advantage monthly payments in the amount of $7,696.76. On the first day of | Total due on the term of the Plan: $360.376 Amount due through October: $30,787 | $30,787 |

| Class Treatment | Amount Due | Amount Paid to Date |
|---|---|---|
| the forty-eighth (48th) month following the Effective Date, the Reorganized Debtor shall pay to Trans Advantage a balloon payment in the amount of $82,025 in full satisfaction of the balance of Trans Advantage's Allowed Secured Claim. | | |
| Class 2(d) Western Equipment Finance, Inc.: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of sixty (60) consecutive months, the Reorganized Debtor shall pay to Western Equipment monthly payments in the amount of $911.73. | Total due on the term of the Plan: $360.376 Amount due through October: $30,787 | $30,787 |
| Class 2(e) Allegiant Partners, Inc./Hanmi Bank: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of sixty (60) consecutive months, the Reorganized Debtor shall pay to Allegiant monthly payments in the amount of $515.70. | Total due on the term of the Plan: $23,049 Amount due through October: $2,147.64 | $2,147.64 |
| Class 3 – Allowed Secured Claims other than BOW | N/A - No Creditors in Class | |
| Class 4 – Allowed Priority Non-Tax Claims | N/A - No Creditors in Class | |
| Class 5 – General Unsecured Claims: | Total amount of $450,000, payable by the following Distributions: $100,000 on 12/15/20 $100,000 on 12/15/21 $100,000 on 12/15/22 $150,000 on 12/15/23 | No Payments Presently Due |
| Class 6 - Interests | Retained all interests in the Debtor | |

**3.    Post-Confirmation Tax Liabilities.**

The Debtor is current on all post confirmation tax liabilities, as follows:

| Tax Liabilities | |
|---|---|
| **Tax** | **Amount** |
| California SITW and Related Taxes | 8,006.57 |
| California SUI and Related Taxes | 358.20 |
| Federal Income Tax and Related Taxes | 47,408.18 |
| Fed Unemployment and Related Taxes | 34.67 |
| **Total Tax Liability** | **55,807.62** |

| Tax Payments | | | |
|---|---|---|---|
| **Source Account** | **Dest Account** | **Transactions** | **Amount** |
| 054683552 | Tax | 6 | 55,807.62 |
| **Total Transfers** | | **6** | **55,807.62** |

### 4. Timing of Final Decree

The Debtor, with the assistance of counsel, is currently pursuing active negotiations to resolve outstanding preference demands against specific creditors who received payments on account of antecedent debts in the 90 days preceding the bankruptcy petition. If all such demands are consensually resolved, the Debtor will promptly move for the entry of a final decree. If such negotiations are unsuccessful, the Debtor reserve the right to commence formal preference actions.

DATED: November 4, 2019          **WINTHROP COUCHOT**
                                                **GOLUBOW HOLLANDER, LLP**

                                                By:    */s/ Peter W. Lianides*
                                                          Robert E. Opera
                                                          Peter W. Lianides
                                     Insolvency Counsel for Reorganized Debtor

# DECLARATION OF CHRIS CARLSSON

I, Chris Carlsson, declare as follows:

1. I am the Finance Manager for Lovejoy's Family Moving, Inc., dba Republic Moving & Storage ("Debtor"). I have personal knowledge of the matters stated herein, and, if called upon to testify, I could and would testify competently thereto.

2. <u>Factual Background</u>. The Debtor's moving and storage business consists primarily of: servicing private transportation service providers (logistics companies) transporting household goods for members of the military; interstate hauling services; private relocation services; and commercial and office moving services. On August 6, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor and its counsel worked hard to negotiate with creditors to achieve a consensual chapter 11 plan. The Debtor achieved 100% acceptance of its plan from voting creditors. At the hearing held on June 11, 2019, the court confirmed the Debtor's plan. On June 12, 2019, the Court entered an order confirming the Debtor's Third Amended Chapter 11 Plan of Reorganization ("Plan"). The Effective Date of the Plan occurred on June 19, 2019.

4. <u>Distributions Under the Plan</u>. The Debtor is current on its obligations under the Plan. The Debtor has paid all cure claims, as set forth in the charts hereinbelow.

| Cure Claim Schedule | | |
|---|---|---|
| **Cure Claimant** | **Amount Due** | **Amount Paid to Date** |
| Eastgroup Properties LP | 0.00 | 0.00 |
| Transguard Insurance Company | 1,997.00 | 1,997.00 |
| Pitney Bowes Financial Services | 0.00 | 0.00 |
| Wells Fargo Financial Leasing, Inc | 4,830.00 | 4,830.00 |
| Transguard Insurance Company | 19,834.41 | 19,834.41 |
| National Liability & Fire Insurance company | 0.00 | 0.00 |
| Jonas Software USA, EWS Division | 0.00 | 0.00 |
| California Choice Benefits | 0.00 | 0.00 |
| Sprint | 5,166.74 | 5,166.74 |
| Comdata Network, Inc | 0.00 | 0.00 |
| ADP, Inc., Retirement | 0.00 | 0.00 |
| Applied Merchant Systems West Coast LLC | 0.00 | 0.00 |
| Gsolutions | 0.00 | 0.00 |
| Gsolutions | 0.00 | 0.00 |
| Pay-Net Solutions | 0.00 | 0.00 |
| **TOTAL** | **31,828.15** | **31,828.15** |

5.    The Debtor is current on all payments due to professionals pursuant to the payment schedules set forth in their respective Fee Awards, as follows:

| Professional Fees | | |
|---|---|---|
| **Professional** | **Total Award** | **Payment Status** |
| Winthrop Couchot Golubow Hollander LLP | $419,266.71 | Current on monthly payments per agreed schedule in Fee Award. |
| Illyssa I. Fogel & Associates | $82,500 | Debtor has paid $17,238 and is currently paying $5,000 due upon entry of Fee Award (entered on 11/1/19), with balance due in 12 monthly installments. |

6.    The Debtor is current on all creditor distributions to the respective classes set forth in the Plan, as follows:

| Classes under the Plan | | |
|---|---|---|
| **Class Treatment** | **Amount Due** | **Amount Paid to Date** |
| Class 1: On or before July 26, 2019, the Reorganized Debtor shall pay to BOW the amount of BOW's Allowed Secured Claim, plus any unpaid and accrued post-Effective Date interest thereon, in full satisfaction, settlement, release and discharge of BOW's Allowed Secured Claim.  BOW agreed to defer $150,000 of the payments on its secured claim after April 2020 | $1,702.950 | $1,702,950 (paid in full) |
| In addition to the Allowed Secured Claim of BOW set forth in Section 5.1.2 hereof, and the Allowed General Unsecured Claim of BOW set forth in Section 5.1.4 hereof, BOW shall have an Allowed Claim in the amount of $500,000, which shall be subject to subordination on the terms and conditions set forth in Section 5.1.3.3 hereof ("BOW Subordinated Claim"). | $50,000 to be paid October 31,2019 $250,000 to be paid by September 30, 2021, $200,000 to be paid by September 30, 2021 | $50,000 |
| Class 2(a) - Exchange Bank:  Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of sixty (60) consecutive months, the Reorganized Debtor shall pay to Exchange Bank monthly payments in the amount of $261.34. | Parties agreed to single lump sum payment. | $7,714 (paid in full) |
| Class 2(b) - GreatAmerica: As of the Petition Date, GreatAmerica was only owed a nominal sum of $7,398.61, which has been paid in full. | $7,398.61 | $7,398.61 |
| Class 2(c) TransAdvantage: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of forty-eight (48) consecutive months, the Reorganized Debtor shall pay to Trans Advantage monthly payments in the amount of $7,696.76. On the first day of the forty-eighth (48th) month following the | Total due on the term of the Plan: $360.376 Amount due through October:  $30,787 | $30,787 |

| | | |
|---|---|---|
| Effective Date, the Reorganized Debtor shall pay to Trans Advantage a balloon payment in the amount of $82,025 in full satisfaction of the balance of Trans Advantage's Allowed Secured Claim. | | |
| Class 2(d) Western Equipment Finance, Inc.: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of sixty (60) consecutive months, the Reorganized Debtor shall pay to Western Equipment monthly payments in the amount of $911.73. | Total due on the term of the Plan: $39,841 Amount due through October: $3,172 | $3,172 |
| Class 2(e) Allegiant Partners, Inc./Hanmi Bank: Commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter for a total of sixty (60) consecutive months, the Reorganized Debtor shall pay to Allegiant monthly payments in the amount of $515.70. | Total due on the term of the Plan: $23,049 Amount due through October: $2,147.64 | $2,147.64 |
| Class 3 – Allowed Secured Claims other than BOW | N/A - No Creditors in Class | |
| Class 4 – Allowed Priority Non-Tax Claims | N/A - No Creditors in Class | |
| Class 5 – General Unsecured Claims: | Total amount of $450,000, payable by the following Distributions: $100,000 on 12/15/20 $100,000 on 12/15/21 $100,000 on 12/15/22 $150,000 on 12/15/23 | No Payments Presently Due |
| Class 6 - Interests | Retained all interests in the Debtor | |

7. <u>Post-Confirmation Tax Liabilities</u>.  The Debtor is current on all post confirmation tax liabilities, as follows:

| Tax Liabilities | |
|---|---|
| **Tax** | **Amount** |
| California SITW and Related Taxes | 8,006.57 |
| California SUI and Related Taxes | 358.20 |
| Federal Income Tax and Related Taxes | 47,408.18 |
| Fed Unemployment and Related Taxes | 34.67 |
| **Total Tax Liability** | **55,807.62** |

| Tax Payments | | | |
|---|---|---|---|
| **Source Account** | **Dest Account** | **Transactions** | **Amount** |
| 054683552 | Tax | 6 | 55,807.62 |
| **Total Transfers** | | **6** | **55,807.62** |

8. <u>Motion for Final Decree</u>. The Debtor, with the assistance of counsel, is currently pursuing active negotiations to resolve outstanding preference demands against specific creditors who received payments on account of antecedent debts in the 90 days preceding the bankruptcy petition. If all such demands are consensually resolved, the Debtor will promptly move for the entry of a final decree. If such negotiations are unsuccessful, the Debtor reserve the right to commence formal preference actions.

9. <u>Projections.</u> The Debtor projects that it will have sufficient funds to make all remaining payments due under the Plan. A true and correct copy of the Debtor's cash flow projections are attached herein as exhibit "1" and incorporated herein by this reference.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of November, 2019 at Monmouth, New Jersey.

_____
Chris Carlsson

# EXHIBIT 1

| | | | |
|---|---:|---:|---:|
| **Cash availability** | 359,595 | 317,455 | 290,282 |
| Cash Flow | (135,442) | (42,140) | (27,173) |
| Analysis Cash Impact | - | - | - |
| | Oct-19 | Nov-19 | Dec-19 |
| *ASSETS* | | | |
| CASH | | | |
| Bank of America-Checking | | | |
| Cash on Hand | | | |
| Checking-Torrey Pines Bank | | | |
| Checking Payroll- Torrey Pines Bank | | | |
| Checking - California Bank & Trust | | | |
| **TOTAL CASH AVAILABILITY** | **(135,442)** | **(42,140)** | **(27,173)** |
| | - | - | - |
| | - | - | - |
| ACCOUNTS RECEIVABLE | - | - | - |
| Interline Receivable | (14,702) | 3,280 | 3,451 |
| Trade Commercial Receivable | 174,434 | 38,437 | (27,344) |
| Trade Government Receivable | - | - | - |
| Storage Receivable | 4,032 | 15,431 | 7,113 |
| Accrued Storage | - | - | - |
| Accrued A/R | - | - | - |
| Storage in Transit | 22,162 | - | - |
| Bad debt Reserve | - | - | - |
| **TOTAL ACCOUNTS RECEIVABLE** | | | |
| OTHER CURRENT ASSETS | - | - | - |
| Intercompany | - | - | - |
| Clearing accounts | - | - | - |
| Employee Advance | - | - | - |
| Due from Drivers | - | - | - |
| Inventory | 10,283 | (401) | (1,091) |
| Prepaid insurance | 7,000 | 7,000 | 7,000 |
| Loan Deposits | - | - | - |
| Prepaid Other | - | - | - |
| Security Deposit | - | - | - |
| Captive Collateral Loss Fund | - | - | - |
| Storage in Transit | - | - | - |
| **TOTAL OTHER CURRENT ASSETS** | | | |
| | | | |
| FIXED ASSETS | - | - | - |
| Furniture & Equipment/Office | - | - | - |
| Tenant Improvements | - | - | - |
| Equipment - Warehouse | - | - | - |
| Rolling Stock | - | - | - |
| Tranportation Equipment | - | - | - |
| *Less: Accumulated Depreciation* | - | - | - |
| **TOTAL FIXED ASSETS** | 39,299 | 39,299 | 39,299 |
| | - | - | - |
| OTHER ASSETS | - | - | - |
| Loan Costs | - | - | - |
| *Less: Accumulated Amortization* | - | - | - |
| Goodwill | - | - | - |
| Affiliate investment | - | - | - |
| JRL Transportation Note | - | - | - |
| **TOTAL OTHER ASSETS** | - | - | - |
| | - | - | - |
| **TOTAL ASSETS** | | | |
| | - | - | - |
| *LIABILITIES* | - | - | - |
| CURRENT LIABILITIES | - | - | - |
| Trade Payables | (32,530) | 5,197 | (1,268) |
| Accrued Bonus's | (414) | - | - |
| VanLine Clearing | - | - | - |
| Accounts Receivable Clearing | - | - | - |
| DUE TO 3RD PARTY | - | - | - |
| Outside Services Due Others | (46,333) | (46,333) | (46,333) |
| Deferred Storage | - | - | - |
| Sales Tax Payable | (3,132) | 1,431 | 1,469 |
| Other loans | - | - | - |
| BOW deferral | - | - | - |
| W/C Line | (145,432) | (4,714) | 896 |
| | | | |
| **DRIVER LIABILITIES** | (24,243) | 4,297 | (4,582) |
| **DRIVER LIABILITIES** | - | - | - |
| | - | - | - |
| **DRIVER RESERVES** | (5,000) | (5,000) | (5,000) |
| **TOTAL CURRENT LIABILITIES** | | | |
| | | | |
| NOTES PAYABLE | | | |
| Notes Payable | (61,203) | (3,416) | (3,632) |
| | | | |
| **TOTAL NOTES PAYABLE** | | | |
| | | | |
| **TOTAL LIABILITIES** | | | |
| | - | - | - |
| *EQUITY* | - | - | - |
| Retained Earnings | - | - | - |
| Shareholder | (17,522) | - | - |
| Net Income | (42,142) | (96,647) | 2,850 |
| **TOTAL EQUITY** | | | |
| | - | - | - |
| **TOTAL LIABILITIES AND EQUITY** | | | |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **DEBTOR'S POST CONFIRMATION STATUS REPORT; DECLARATION OF CHRIS CARLSSON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 4, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Bonnie J Anderson**    bonnie@bjalaw.com
- **Michele S Assayag**    efilings@amlegalgroup.com, efilings@amlegalgroup.com
- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov
- **Illyssa I Fogel**    ifogel@iiflaw.com
- **Alastair M Gesmundo**    agesmundo@wcghlaw.com, jmartinez@wcghlaw.com
- **Amy L Goldman**    goldman@lbbslaw.com
- **Everett L Green**    everett.l.green@usdoj.gov
- **Bradford G Hughes**    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- **Stephen E Jenkins**    sjenkins@hemar-rousso.com
- **Peter W Lianides**    plianides@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Robert E Opera**    ropera@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Jarrett S Osborne-Revis**    josbornerevis@buchalter.com, wreinig@buchalter.com
- **Lovee D Sarenas**    lovee.sarenas@lewisbrisbois.com
- **Jennifer R Tullius**    jtullius@tulliuslaw.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **November ___, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November ___, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 4, 2019 | Jeannie Martinez | /s/ Jeannie Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |